GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:   949.451.3800
Facsimile:   949.475.4668

Attorneys for Defendant Postmates Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORA LEE, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>POSTMATES INC.,<br><br>             Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.**<br><br>[Removal from the Superior Court of the State of California, County of San Francisco, Case No. CGC-18-566394]<br><br>Action Filed:    May 8, 2018 |

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF DORA LEE AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, and in accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Postmates Inc. ("Postmates" or "Defendant"), removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-18-566394, to the United States District Court for the Northern District of California, San Francisco Division. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Dora Lee ("Plaintiff") filed a Class Action Complaint ("Complaint") against Postmates in the Superior Court for San Francisco County, California, Case Number CGC-18-566394, on May 8, 2018. Pursuant to 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant as of the date of this filing are attached as Exhibits A-C to the Declaration of Theane Evangelis ("Evangelis Decl.") filed concurrently herewith.

2. Plaintiff served Postmates, through its registered agent, CT Corporation System, with a Summons and Complaint on May 11, 2018. *See* Evangelis Decl., Ex. C. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Plaintiff alleges in the Complaint that she "brings this case as a class action pursuant to California Code of Procedure § 382 on behalf of all Postmates couriers who have worked for Postmates in California." Compl. ¶ 21. The Complaint alleges that by misclassifying Plaintiff and other Postmates couriers as independent contractors, Postmates violated California Labor Code §§ 2802, 226.8, 1197, and 1194, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Compl. ¶¶ 32–36.

4. Plaintiff seeks declaratory relief, "compensatory damages, including all expenses and wages owed," "pre- and post-judgment interest," "attorneys' fees, costs, and expenses," and

Gibson, Dunn & Crutcher LLP

1
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

"[i]njunctive relief in the form of an order requiring Defendant to comply with the California Labor Code." Compl. at 8-9.

5. Removal of this case is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action, and all claims asserted against Postmates in this action, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 21.

7. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

8. Postmates denies any liability in this case, both as to Plaintiff's individual claims and as to the claims of the putative class members, and will present compelling defenses to those claims on the merits. Postmates also intends to oppose class certification, and believes class or collective treatment is inappropriate because, among other reasons, there are numerous material differences between the named Plaintiff and the other independent contractor couriers ("Couriers") whom Plaintiff seeks to represent in this action. Postmates expressly reserves all rights in these regards. However, for purposes of meeting the jurisdictional requirements for removal *only*, Postmates submits that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

Gibson, Dunn & Crutcher LLP

2
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

**A.    The Putative Class Consists Of More Than 100 Members**

9.    Plaintiff alleges in the Complaint that she brings this case "on behalf of individuals who have worked as Postmates couriers in California." Compl. ¶ 1. Plaintiff's putative class encompasses Couriers who contracted with Postmates to perform deliveries in California using the Postmates online and mobile platform, even though such Couriers do not "work for" Postmates, because Plaintiff contends that such Couriers should be classified as Postmates employees. *See* Compl. ¶ 12.

10.    Postmates has a good-faith basis to believe, and on that basis avers, that during the period of June 3, 2017 to June 4, 2018 alone, at least 10,000 Couriers performed at least one delivery in California using the Postmates platform. *Id*. ¶ 3.[1] Accordingly, while Postmates denies that class treatment is permissible or appropriate, based on the Complaint's allegations, the proposed class plainly consists of at least 100 members.

**B.    The Amount Placed In Controversy by the Class Exceeds $5 Million**

11.    Although Postmates denies that Plaintiff's claims have any merit, Postmates avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's allegations—if accepted—would place more than $5 million in controversy, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.").

12.    As demonstrated below, the $5 million threshold is easily met by considering only a subset of Plaintiff's claims and damages theories.

---

[1] The Notice of Removal "need not contain evidentiary submissions," and Postmates reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

Gibson, Dunn & Crutcher LLP

3
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

13. Postmates reserves the right to show that Plaintiff's other claims and damages theories also place more than $5 million in controversy, should Plaintiff challenge this removal requirement in a motion to remand.

14. <u>Mileage Expenses.</u>  Plaintiff brings a claim under California Labor Code § 2802, alleging that Postmates "does not reimburse couriers for any expenses they may incur while working for Postmates, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Postmates Application." Compl. ¶ 18.  The Complaint seeks "compensatory damages, including all expenses . . . owed" to the putative class. *Id*. at 8.

15. The Internal Revenue Service's current standard mileage rate used to calculate the deductible costs of operating an automobile for business purposes is 54.5 cents per mile.  See 2018 Standard Mileage Rates, Internal Revenue Service, https://www.irs.gov/pub/irs-drop/n-18-03.pdf.

16. Postmates has a good-faith basis to believe, and on that basis avers, that during the period of June 3, 2017 to June 4, 2018 alone, the aggregate number of miles driven by Couriers using the Postmates platform to perform deliveries in California, including miles driven to pick up and drop off items, exceeds 10 million miles.  Declaration of Patricia Cartes ("Cartes Decl.") ¶ 6.

17. Postmates denies that Plaintiff or any class member is entitled to reimbursement for any expenses.  Postmates further denies that the Internal Revenue Service's standard mileage rates are the appropriate metrics for determining the amount or size of reimbursements under California Labor Code section 2802.  However, applying the current Internal Revenue Service reimbursement rate, for the purposes of meeting the jurisdictional requirements for removal only, the amount placed in controversy by the class allegations concerning mileage-related expenses *alone* exceeds $5 million.

18. <u>Attorneys' Fees.</u>  Plaintiff seeks an award of "reasonable attorneys' fees, costs, and expenses." Compl. at 8.  Plaintiff's request for attorneys' fees places additional amounts in controversy.

19. Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

Gibson, Dunn & Crutcher LLP

4
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

20. Postmates denies that any such attorneys' fees will be owed to Plaintiff or any member of the putative class and reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis *only*, Postmates relies on Plaintiff's allegations that the attorneys' fees are owed. Applying the 25% benchmark to just $5,450,000 (a rough calculation of a portion of the amount placed in controversy, calculated by multiplying 10,000,000 miles by $0.545 per mile, for purposes of this removal calculation only), Plaintiff's request for attorneys' fees places at least an additional $1.363 million in controversy.

C. **Minimal Diversity Exists because the Putative Class Includes Non-California Citizens**

21. The minimum diversity of citizenship criterion under CAFA requires that "any member" of the putative class "is a citizen of a State that is different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Plaintiff alleges that she is a "resident of Huntington Beach, California." Compl. ¶ 3. Plaintiff further alleges that she brings this case on behalf of "all other individuals who have worked as couriers for Postmates throughout California," without regard to citizenship. *Id.* ¶ 4. Postmates avers, for purposes of removal only, that the putative class includes individuals who are citizens of other states.

23. Postmates is headquartered in San Francisco, California. Compl. ¶ 5; Cartes Decl. ¶ 2. Accordingly, Postmates is, and at all relevant times has been, a citizen of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

24. Given that the putative class purports to encompass all Couriers who completed deliveries in California, common sense dictates that the putative class includes people who are not citizens of California. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (proposed class of "California merchants" included merchants that were not California citizens); *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (proposed class of people who made certain phone calls in California "[b]y its terms . . . includes individuals who were physically located in, but were not residents of, California"); *In re Sprint Nextel Corp.*, 593 F.3d 669,

Gibson, Dunn & Crutcher LLP

5
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

673 (7th Cir. 2010) (proposed class of state "residents" includes temporary residents like "college students" who are citizens of other states"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (state "residents" are not state "citizens" under CAFA).

25. Postmates has a good-faith basis to believe, and on that basis avers, that many Couriers who have performed deliveries in California using the Postmates platform are college and graduate students who are citizens of other states, have moved out-of-state since contracting with Postmates, have out-of-state licenses and bank accounts, have contracted to perform deliveries in other states, and/or appear to be temporary residents of California who are citizens of other states. Cartes Decl. ¶¶ 4-5.

26. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill*, 856 F.3d at 1276. "Since many [residents] are not citizens of California, th[is] requirement [is] met." *Id.*

27. Because Postmates has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

28. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. This is a civil action that is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

   b. This action involves a putative class of more than 100 persons as required under 28 U.S.C. § 1332(d)(5)(B);

   c. Plaintiff is a citizen of a state that is different from that of Postmates, as required under 28 U.S.C. § 1332(d)(2)(A); and

Gibson, Dunn & Crutcher LLP

6
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES INC.

   d. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(2).

Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

29. The United States District Court for the Northern District of California, San Francisco Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in San Francisco County Superior Court.  *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

30. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Postmates are attached as Exhibits A-C to the Declaration of Theane Evangelis filed concurrently herewith.

31. Upon filing this Notice of Removal, Postmates will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County pursuant to 28 U.S.C. § 1446(d).

32. WHEREFORE, Postmates removes to this Court the above action pending against it in the Superior Court of California, San Francisco County.

Dated:  June 8, 2018      GIBSON, DUNN & CRUTCHER LLP

             By: */s/ Theane Evangelis*
                Theane Evangelis

             Attorneys for Defendant POSTMATES INC.