SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorney for Plaintiff Dora Lee,
on behalf of herself and all others similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DORA LEE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POSTMATES INC.,<br><br>Defendant. | Case No. 3:18-cv-03421-JCS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: October 5, 2018<br>Hearing Time: 2:00 p.m.<br>Hearing Place: Courtroom G<br>JUDGE: HON. JOSEPH C. SPERO |

## NOTICE OF MOTION AND MOTION

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 5, 2018, at 2:00 p.m., in Courtroom G of this Court, located 450 Golden Gate Ave., San Francisco, California, Plaintiff Dora Lee, individually and on behalf of all others similarly situated, will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 15 for leave to file a First Amended Complaint.

This motion is brought pursuant to Rule 15 of the Federal Rules of Civil Procedure on the ground that the interests of justice require amendment, Plaintiff has not unduly delayed in bringing this motion, and Defendant will not be prejudiced by allowing this amendment. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, all pleadings and papers on file in this action, any matters of which the Court may or must take judicial notice, and such additional evidence or argument as may be presented at or prior to the time of hearing.

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff hereby seeks leave to file a First Amended Complaint to add additional named plaintiffs, Kellyn Timmerman and Joshua Albert.  See Proposed First Amended Complaint (attached here as Exhibit A).  On May 8, 2018, Plaintiff Lee commenced this action against the food and merchandise delivery company Postmates, as a class action, contending that she and other Postmates couriers have been misclassified as independent contractors and suffered wage violations as a result.  Dkt. 1-1, Ex. B.  Postmates filed a Motion to Compel Arbitration and Stay Proceedings on July 20, 2018, asserting that Plaintiff Lee must bring her claims in individual arbitration.  Dkt. 14.  For the reasons described in her opposition to Postmates' motion (filed concurrently herewith), Plaintiff disputes that she is bound to arbitrate because Postmates couriers fall under the "transportation worker exemption" from the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, because the Court cannot compel arbitration of her request for public injunctive relief, and because Postmates has not provided evidence establishing that she was made reasonably aware of the arbitration agreement.  However, she also has an additional argument, which is that other Postmates couriers, Kellyn Timmerman and Joshua Albert, opted out of Postmates's arbitration agreement and thus should be permitted to be added to this case as lead plaintiffs so that they may argue that they opted out from arbitration the putative class of Postmates couriers in this case (including themselves and Plaintiff Lee).  See Bickerstaff v. Suntrust Bank, 299 Ga. 459, cert. denied, 137 S. Ct. 571 (2016) (holding that the named plaintiff opted out of defendant's arbitration agreement on behalf of absent class members).  Ms. Timmerman and Mr. Albert also wish to bring these claims, for themselves as well as for other Postmates couriers across California.  In addition to adding these additional lead plaintiffs, the proposed amended complaint also adds additional counts to the complaint, for breach of contract and failure to pay promised wages, based on Postmates's failure to pay

couriers their contractually mandated rates for time spent waiting for delivery items to be ready, known as "wait time."

This case is in its infancy, and there is no reason the Court should not allow this early request for an amendment. Indeed, Plaintiff would have been able to amend as of right just ten days ago.[1] However, due to the press of other matters, Plaintiff was not able to file the amendment as of right by that date. There is no reason for this early amendment to be denied, simply on the ground that it is being sought shortly after the date for which an amendment as of right would have been allowed.[2]

In accordance with Federal and Local Rules, Plaintiff has conferred with Defendant Postmates regarding her request to file this First Amended Complaint, and Postmates has refused to consent to the amendment. Plaintiff submits that because this case is at an early stage where no discovery has taken place to date, there is no prejudice in allowing an amendment at this point in time. Plaintiff has satisfied Fed. R. Civ. P. 15 because the motion has not been unduly delayed, and the amendment would not be futile and prejudicial. For all these reasons, Plaintiff's motion should be granted.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1)(B), a pleading which requires a response, such as a complaint, may be amended once as of right "21 days after the service of a responsive pleading." Here, Defendant's motion to compel arbitration, which served as its response to the Complaint, was filed on July 20, 2018. Dkt. 14. 21 days later would have been August 10, 2018 (ten days ago today).

[2] The proposed amended complaint also adds language making more explicit that the injunctive relief sought in this case is in the nature of "public injunctive relief", which is another ground on which Plaintiff contends Postmates cannot compel arbitration. See McGill v. Citibank, N.A., 2 Cal. 5th 945, 961 (2017).

## II.     ARGUMENT

Plaintiff requests leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 949, 951 (9th Cir. 2006); see Osakan v. Apple Am. Grp., 2010 WL 1838701, *3 (N.D. Ca. May 5, 2010) ("Generally, leave to amend is to be granted with extreme liberality.") (internal citation omitted).  Courts have recognized that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962).  "Not all of the factors merit weight, [and] it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Here, there are no such reasons for the Court to deny Plaintiff's request for leave to file the First Amended Complaint.

First, there is no undue delay, bad faith, or dilatory motive on the part of the Plaintiff. The case is still in the very early stages and no discovery has taken place yet.  There are also no motions for summary judgement or class certification pending.  Moreover, Plaintiff Lee's request for leave to file a First Amended Complaint stems directly from Defendant's motion to compel arbitration, which was filed just one month ago.  In its motion, Defendant contends that Plaintiff Lee cannot serve as a named plaintiff in this case because she is bound by an arbitration agreement.  While Plaintiff disputes Defendant's contention, she is requesting leave to amend to add additional named plaintiffs, Kellyn Timmerman and Joshua Albert, who opted out of Postmates's arbitration clause.  Ms. Timmerman and Mr. Albert will not be bound to arbitrate and thus will be able to pursue their claims in this case, regardless of the Court's ultimate ruling on the applicability and enforceability of the arbitration clause.  In addition, because Ms.

Timmerman and Mr. Albert opted out of arbitration, they (like Ms. Lee) will argue that Ms. Timmerman and Mr. Albert's rejection of arbitration can be deemed to be a rejection of arbitration for the putative class in this case. See Bickerstaff, 299 Ga. at 468-69.

Courts have consistently allowed plaintiffs to amend class action complaints to add additional lead plaintiffs, even much later in the litigation. See, e.g., O'Connor v. Uber Technologies, Inc., 3:13-cv-03826-EMC (N.D. Cal.) (Dkt. 193); Amparan v. Plaza Home Mortgage, Inc., 2009 WL 2776486, *2 (N.D. Cal. Aug. 28, 2009) ("Requesting leave to amend to add new representatives in a class action lawsuit is not uncommon."); Wixon v. Wyndham Resort Dev. Corp., 2010 WL 424603, *1 (N.D. Cal. Jan. 27, 2010); Ho v. Ernst & Young LLP, 2007 WL 2070216, *1 (N.D. Cal. July 17, 2007); Palmer v. Stassinos, 236 F.R.D. 460, 466 (N.D. Cal. 2006). Indeed, in Yucesoy v. Uber Technologies, Inc., 15-cv-00262-EMC (N.D. Cal.) (Dkt. 287), Judge Chen recently allowed amendment of a complaint – in a case that was filed four years ago -- to add additional lead plaintiffs who had opted out of the defendant's arbitration agreement, so as to allow the plaintiffs to make the argument that Plaintiff is making here – that a class member's rejection of arbitration can be deemed to be a rejection of arbitration on behalf of the class, as the Georgia Supreme Court held in Bickerstaff. Courts also commonly allow amendment to add additional claims prior to discovery. See, e.g., Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U., 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (citing cases).

Moreover, Plaintiff's proposed First Amended Complaint will cause no prejudice to Postmates. As stated above, this case is still in the initial stages and, other than Postmates' motion to compel arbitration, no additional motions are pending. Because Ms. Timmerman and Mr. Albert opted out of arbitration, Postmates cannot argue that the amendment will require it to draft another motion to compel arbitration. Postmates may argue that the amendment may change the argument it needs to make in support of its motion to compel (in order to address the Bickerstaff argument), but Postmates may address that argument in its reply, or Postmates could

withdraw its current motion and resubmit it based upon the amended complaint. Such changes to defendants' early motions in cases (based upon early amendments to complaints) are commonplace and are not a reason to deny Plaintiff the right to amend. Any additional burden on Postmates to resubmit its arguments regarding arbitration is minimal and is not outweighed by the importance of safeguarding the rights of the putative class.

Finally, granting Plaintiff's request for leave to file a First Amended Complaint would not be futile. Because Ms. Timmerman and Mr. Albert opted out of arbitration, there is no question that they will be able to pursue their claims in court. Their addition to the complaint may also allow the putative class to have this case pursued in court on their behalf.

Plaintiff expects that one issue that Postmates will raise in opposition to Ms. Timmerman and Mr. Albert's argument that they can represent a class is that, because they opted out of arbitration, they do not have standing to assert the rights of Postmates couriers who did not opt out of arbitration. By including them in the same case as Plaintiff Lee, Plaintiffs may respond that Plaintiff Lee has standing to argue that Ms. Timmerman and Mr. Albert opted out on her behalf (as well as the rest of the putative class in this case).

In short, given the liberal policy favoring amendments (particularly so early in a case), there is no reason that yet another complaint needs to be filed, raising the same claims as those raised here. Moreover, the addition of Ms. Timmerman and Mr. Albert to this case could preserve the interests of the putative class to be able to proceed on their claims in court.

## CONCLUSION

Because this case is at a very early stage, the Court should grant Plaintiff's request to amend the complaint. The amendment is not in bad faith, dilatory, or futile, but rather is in the interests of justice and should be allowed.

Respectfully submitted,

DORA LEE, on behalf of herself and all others similarly situated,

By her attorneys,

*s/ Shannon Liss-Riordan* _____
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Dated:          August 20, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on August 20, 2018, on all counsel of record.

 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.