UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DORA LEE, et al.,

        Plaintiffs,

    v.

POSTMATES INC.,

        Defendant.

Case No. 18-cv-03421-JCS

**ORDER GRANTING MOTION TO CERTIFY INTERLOCUTORY APPEAL**

Re: Dkt. No. 51

## I.    INTRODUCTION

Plaintiffs Dora Lee and Kellyn Timmerman move to certify for interlocutory appeal under 28 U.S.C. § 1292(b) two previous orders compelling them to arbitrate their claims against Defendant Postmates, Inc. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for May 3, 2019. For the reasons discussed below, Plaintiffs' motion is GRANTED.[1]

To the extent that further litigation occurs in this Court, Plaintiffs are admonished to comply with all applicable local rules and standing orders requiring chambers copies and proposed orders.

## II.    BACKGROUND

Plaintiffs work or worked as couriers who fulfilled orders placed through Postmates' platform to deliver food and other items from local restaurants and merchants to local customers. There is no indication that Plaintiffs crossed state lines in the course of their work—to the contrary, the record suggests that all of their deliveries occurred within California cities—but there is evidence that at least some of their deliveries included "goods that were manufactured out-of-

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

state," including clothing, kitchenware, cigarettes, packaged food, and alcoholic beverages. Timmerman Decl. (dkt. 37-3) ¶¶ 7–11.

Plaintiff Dora Lee initiated this case in state court as a purported class action, asserting wage-and-hour claims under California law and seeking to represent a class of Postmates couriers. Evangelis Removal Decl. (dkt. 1-1) Ex. B (Compl.). Postmates removed to this Court based on the Class Action Fairness Act and moved to compel individual arbitration of Lee's claims pursuant to the Federal Arbitration Act ("FAA"). *See* Notice of Removal (dkt. 1); 1st Mot. to Compel (dkt. 14). On October 15, 2018, the Court granted that motion, holding that Postmates had shown a valid agreement to arbitrate under the FAA and Lee did not fall within the so-called "transportation worker exception" of 9 U.S.C. § 1 because she was not engaged in *interstate* transportation, but allowed an amended complaint naming Kellyn Timmerman and Joshua Albert as additional plaintiffs. Order re 1st Mot. to Compel Arbitration (dkt. 31).[2] On December 17, 2018, the Court granted Postmates' motion to compel arbitration of Timmerman's claims as well—holding once again that the agreement was valid and that Timmerman did not fall within the transportation worker exception to the FAA—and severed the claims of Albert, who had opted out of the arbitration clause within the time allowed to do so after he initially entered a contract with Postmates. Order re 2d Mot. to Compel Arbitration (dkt. 47).[3] The Court dismissed Lee and Timmerman's claims at their request, and Plaintiffs appealed to the Ninth Circuit. *Id.*; *see* Notice of Appeal, *Lee v. Postmates*, No. 19-15024 (9th Cir. Jan. 4, 2019).

Following entry of judgment, the Ninth Circuit held in a memorandum disposition that a voluntary dismissal without prejudice following an order compelling arbitration is not a final order appealable by right, and that a party seeking review of an order compelling arbitration before the arbitration has occurred is "obliged to obtain the district court's permission for an interlocutory appeal under 28 U.S.C. § 1292(b)." *Gonzalez v. Coverall N. Am., Inc.*, 754 F. App'x 594, 596 (9th Cir. 2019). Plaintiffs now seek permission to appeal under that statute, arguing that whether

---

[2] *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018).
[3] *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 6605659 (N.D. Cal. Dec. 17, 2018). Albert's claims are proceeding as *Albert v. Postmates Inc.*, No. 18-cv-07592-JCS (N.D. Cal.).

their claims are subject to arbitration is a controlling question of law, that there is substantial ground for differences of opinion regarding the scope of the transportation worker exception and whether the arbitration clause at issue was sufficiently conspicuous, and that an immediate appeal would materially advance the ultimate termination of litigation. *See generally* Mot. (dkt. 51); Reply (dkt. 55). Postmates argues that proceeding to arbitration would be more efficient than allowing an appeal, there is no guarantee that Plaintiffs can avoid arbitration even if the Court erred in its previous orders, and that there is no substantial ground for a difference of opinion as to the issues that Plaintiffs identify. *See generally* Opp'n (dkt. 54).

## III. ANALYSIS

### A. Legal Standard

The Federal Arbitration Act allows a party to appeal the *denial* of a motion to compel arbitration, but does not generally permit a party to appeal an order *granting* such a motion. 9 U.S.C. § 16. The FAA recognizes, however, that an order compelling arbitration may in appropriate circumstances be appealed "as otherwise provided in section 1292(b) of title 28," which governs appeals of interlocutory orders generally. 9 U.S.C. § 16(b). The Ninth Circuit has declined to "render meaningless the acknowledgment in 9 U.S.C. § 16(b) that an interlocutory order pursuant to the Federal Arbitration Act may in some circumstances satisfy the requirements of 28 U.S.C. § 1292(b)." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).

Under § 1292(b), a federal district court may certify a non-dispositive order for interlocutory review where: (1) "the order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). By its terms, § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. *Id.* "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). In seeking interlocutory appeal, a movant must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

### B. The Court's Previous Orders Warrant Certification for Appeal

This Court previously granted Postmates' motions to compel arbitration of Plaintiffs' claims, rejecting Plaintiffs' arguments that they fell within an exception to the Federal Arbitration Act for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1. The Supreme Court has interpreted that exception as governing "only contracts of employment of transportation workers," *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001), but has not elaborated on the degree to which such workers must be engaged "in foreign or interstate commerce," 9 U.S.C. § 1, as opposed to transportation on a merely local scale.

### 1. Controlling Question of Law

"[A]n order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter," including arbitration. *Kuehner*, 84 F.3d at 319. The effect of the previous orders in this case is particularly significant because enforcement of Postmates' arbitration agreement bars Plaintiffs from proceeding with the class action that they sought in their complaints, an outcome for which courts have broad authority to certify interlocutory appeals when it arises more directly from the denial of a motion for class certification. *See* Fed. R. Civ. P. 23(f); *Chamberlain v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005) (acknowledging that the "drafters [of Rule 23] intended the court of appeals to enjoy 'unfettered discretion' to grant or deny permission to appeal [class certification orders] based on 'any consideration that the court of appeals finds persuasive'" (quoting the Advisory Committee Notes)). If Plaintiffs were required to proceed without an appeal and prevailed in their individual arbitrations, whatever rights absent class members might

4

have to a judicial resolution of their claims—if this Court's interpretation of the FAA is incorrect—might never be vindicated.

### 2. Ground for Difference of Opinion

There is substantial ground for difference of opinion as to whether Postmates couriers fall within the transportation worker exception. Neither the Supreme Court nor the Ninth Circuit has squarely addressed the scope of that exception as applied to intrastate delivery workers, and decisions from other circuits and district courts considering the exception have set forth a variety of different rules and factors for resolving such issues. Although this Court declined to do so and is aware of no other decision having done so, one might interpret the Supreme Court's *Circuit City* opinion as extending the exemption to *all* transportation workers, regardless of their relationship to *interstate* transportation, or requiring only a minimal connection to interstate (as opposed to local) transportation similar to the broad definition of "Commerce . . . among the several States" that the Supreme Court has adopted with respect to Congress's power under Article I of the Constitution. Another court might, for example, accept Plaintiffs' argument that the fact that some of the items that Postmates couriers delivered originated out of state (before being sold by in-state retailers from whom the couriers delivered them to local customers) is a sufficient connection to interstate commerce. *See, e.g.*, *Nieto v. Fresno Beverage Co., Inc.*, 33 Cal. App. 5th 274, 245 Cal. Rptr. 3d 69, 76–77 (2019) (holding that a truck driver employed by a California-based distribution company to deliver beverages exclusively within California fell within the transportation worker exception because the distributor obtained some of those beverages from outside California).[4]

Plaintiffs' arguments are less persuasive when it comes to the Court's holding that Postmates' arbitration clause was sufficiently conspicuous to constitute a valid agreement, but

---

[4] The *Nieto* court briefly distinguished one of the orders at issue here—which was brought to that court's attention after briefing had concluded—on the basis that this case "involve[s] purely local deliveries of goods from local restaurants or merchants to local customers." *Nieto*, 245 Cal. Rptr. 3d at 77 n.3. Nevertheless, it is not a large leap from the facts of *Nieto* (intrastate delivery of beverages produced out of state, held in a warehouse by a distributor, and sold to local customers) to the facts at issue in the present case (intrastate delivery of, among other things, beverages produced out of state, stocked on the shelves of a retailer, and sold to local customers). A court following the reasoning of *Nieto* might conclude that the facts of this case fall within the exception.

§ 1292(b) speaks to appeals from "orders," not specific "issues" or "holdings." The Court's holding regarding the transportation worker exception presents sufficient ground for disagreement to certify appeal of the previous orders in their entirety. The specific arguments to be addressed on any appeal are left to the discretion of the parties and the Ninth Circuit.

### 3. Advancement of Termination of Litigation

Finally, "an immediate appeal from the order[s] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Postmates argues that an appeal will take more time and effort than arbitration of Plaintiffs Lee and Timmerman's claims. That may be true, but an appeal before arbitration will still conclude more quickly than requiring arbitration to run its course before the appeal begins, and the Ninth Circuit has recognized the value of interlocutory appeals to avoid "the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner*, 84 F.3d at 319. If a higher court determined that the transportation worker exception encompasses Plaintiffs' claims and the FAA therefore does not apply to them, Plaintiffs likely would not be required to arbitrate under California law. *See* Cal. Lab. Code § 229 ("Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate.").

Perhaps more significantly, if a higher court determines that this Court's analysis of the FAA was incorrect and that Postmates couriers fall within the transportation worker exception, resolving all such potential plaintiffs' claims through a class action could be far more efficient than piecemeal litigation and arbitration of individual claims. *Cf.* Mot. to Compel Arbitration, *Abadilla v. Uber Techs.*, No. 18-cv-7343-EMC, ECF Doc. No. 3 (N.D. Cal. Dec. 5, 2018) (asserting that more than twelve thousand individual arbitration demands have been filed against Uber after the Ninth Circuit determined that Uber drivers were required to arbitrate, and that little progress has been made in arbitrating those claims). Conversely, if Postmates prevails on appeal, clearer precedent regarding the scope of the transportation worker exception could reduce or eliminate further litigation of at least that issue if other couriers seek to pursue their own claims against Postmates. Viewing the scope of "the litigation" as all claims of the purported class

asserted in Plaintiffs' complaints, the potential for an interlocutory appeal to "materially advance [its] ultimate termination" greatly outweighs the risk of delay in resolving these two Plaintiffs' claims—a risk that would be realized only if Plaintiffs fully prevailed in arbitration, as the same appeal would likely follow the conclusion of arbitration if they did not.

## IV.    CONCLUSION

For the reasons discussed above, the Court hereby certifies its previous orders dated October 15, 2018 and December 17, 2018 as suitable for interlocutory appeal under 28 U.S.C. § 1292(b) because they implicate controlling questions of law, there is substantial ground for difference of opinion, and an appeal may materially advance the ultimate termination of litigation. Although the Court recognizes that other courts have declined to certify similar orders for appeal, the lack of precedent defining the scope of the transportation worker exception and the potential for class resolution if the arbitration agreement is invalid justify immediate appeal in this case.

**IT IS SO ORDERED.**

Dated: April 25, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge